UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

EPAFRODITE GERALD DINGA,

    Petitioner,

v.                                                                    No. 1:25-CV-281-H

MARKWAYNE MULLIN, et al.,

    Respondents.

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Epafrodite Gerald Dinga, a native and citizen of Angola, is one such alien, having entered the United States without admission over three years ago. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands a bond hearing based on the Fifth Amendment's Due Process Clause. Dkt. No. 1.

But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Dinga are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. The Due Process Clause requires no more. Thus, the petition (Dkt. No. 1) is denied.

## 1.  Background

In 2022, Dinga entered the United States at or near San Ysidro, California. Dkt. No. 7 at 4. There, he was placed into removal proceedings with a Notice to Appear charging him with removability as "an alien present in the United States without being

admitted or paroled." *Id.*; *see* 8 U.S.C. § 1182(a)(6)(A)(i). Years later, in November 2025, ICE detained Dinga without bond. Dkt. No. 1 ¶ 25. He has remained in custody since.[1] *Id.*

An immigration judge denied Dinga's request for a bond hearing, citing a lack of jurisdiction. Dkt. No. 7 at 10. That conclusion followed from the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, which holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025).

Because no immigration judge will grant bond, Dinga seeks a writ of habeas corpus. *See* Dkt. No. 1. The petition states a single claim for relief: Dinga's detention without bond allegedly violates his substantive due process rights.[2] *Id.* ¶¶ 35–44.

After Dinga filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Court turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The Court found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants

---

[1] Dinga was recently transferred from the Bluebonnet Detention Facility, which is in the Abilene Division, to the Eden Detention Center, which is in the San Angelo Division. Because this petition has already been fully briefed in the Abilene Division, the Court declines to sua sponte transfer it to the San Angelo Division. *See* Dkt. No. 11 at 1; 28 U.S.C. § 1404(a).

[2] Dinga's petition suggests that the government's interpretation of the INA violates the Suspension Clause. *See* Dkt. No. 1 ¶ 45. But the Court exercises its jurisdiction under 28 U.S.C. § 2241 to address the merits of Dinga's petition, and no jurisdiction-stripping provision of the INA applies.

for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502

(quoting *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 754 (N.D. Tex. 2026)).

**2.    Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual

detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to

resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533

U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment

or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ

to issue, the petitioner must be "in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th

Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of

the matter as law and justice require." 28 U.S.C. § 2243.

**3.    Analysis**

As noted above, Dinga's petition only argues that bond-less detention violates his

substantive due process rights.[3] The Court has repeatedly rejected identical due process

arguments.[4] Nevertheless, the Court considers the arguments raised in Dinga's petition to

address whether mandatory detention violates the Constitution. The answer is no.

The doctrine of substantive due process protects "only 'those fundamental rights and

liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't*

---

[3] His reply injects a statutory argument that is foreclosed by *Buenrostro-Mendez*. Dkt. No. 8 at 1–3.

[4] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

*of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

A procedural due process claim (to the extent Dinga raises one) fares no better. As an "applicant for admission," Dinga has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *Landon*

– 4 –

*v. Plasencia*, 459 U.S. 21, 32 (1982). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.*

## 4.    Conclusion

In short, Dinga, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. And the Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on May 19, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE